CASE 28—PETITION ORDINARY—JUNE 26.

# Butts vs. Turner & Lacy.

### APPEAL FROM BATH CIRCUIT COURT.

1. The issue of the summons is the commencement of the action, as prescribed by both the Code and Revised Statutes.

2. In this action on a merchant's account, which was actionable January 2, 1862, and barred by limitation January 2, 1863, the petition was filed December 30, 1862, but no summons appears to have issued until December 31, 1863. On the issue of the statute of limitations, the circuit court erred in instructing the jury that they must regard the action as having been commenced on the 31st of December, 1862.

If, as contended, the summons was by mistake dated in 1863, when it issued, and ought to have been dated in 1862, the appellees, after sufficient warning, have failed to correct it. Reversed.

J. M. Nesbitt and
R. Gudgell,                                      For Appellant,
                        CITED—
Civil Code, secs. 31, 65.
18 B. Mon., 759; Warner vs. Turner.
Revised Statutes, sec. 1, art. 1, chap. 12, and sec. 1, art.
    4, chap. 63.
4 Met., 279; Smith, Wilson & Co., vs. Daugherty.
15 B. Mon., 67, 68; Davis vs. Sharon.

Turner & Lacy,                                   For Appellees,
                        CITED—
Civil Code, sec. 32; 2 Stanton's Revised Statutes, 226.
18 B. Mon., 758; Warner vs. Turner.

Butts vs. Turner & Lacy.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

This appeal seeks the reversal of a judgment against the appellant for seventy-four dollars and ninety-five cents, on a merchant's account, actionable on the 2d of January, 1862, and barred by limitation on the 2d of January, 1863. The petition was filed 30th December, 1862, before the bar; but, according to the certified record on *certiorari*, no summons appears to have been issued on the petition until the 31st of December, 1863. As the object in filing the petition on the 30th of December, 1862, was only to avoid the limitation, it is not unlikely that the summons was issued the next day—December 31st, 1862—instead of December 31st, 1863, and that the figure "3" is a mistake; but, if a mistake, the appellee, after sufficient warning, has failed to correct it, and this court cannot assume that the record is false.

Both the Code and Revised Statutes prescribe that *the issuing of the summons is the commencement of the action.*

Therefore, on the issue of the statute of limitations, the circuit court erred in instructing the jury that they must regard the action as having been commenced on the 31st of December, 1862, before the bar; and for this now apparent error—the only one among a multitude assigned and argued—the judgment must be reversed, and this cause remanded for a new trial.