## Cox v. Cooper.

1. A debt, to be the subject of a set-off, must be a subsisting demand at the time of the commencement of the suit.
2. A surety who pays the debt for which he is bound, after the commencement of a suit against him, for the recovery of a debt which he owes in his own right, cannot, in such action, set off the debt thus paid by him, as the surety of the plaintiff. ·
3. The suing out the writ is the commencement of the action.

Error to the Circuit Court of Madison.

THE suit in the Court below was brought by the plaintiff in error, as assignee of one Wynne, against the defendant in error, on a note which fell due on the 1st January, 1840. The summons was issued by the clerk on the 5th February, 1840, and executed on the 8th of the same month. The defendant pleaded payment and set off. On the trial, the defendant offered in evidence a note made by Wynne to him, for twenty-five dollars, which fell due on the 25th December, 1839; and proved, that on the 7th February, 1840, he paid a judgment which had been obtained against him about a year previously, as the surety of Wynne, amounting to ninety-one dollars and seventy-eight cents. Upon this evidence, the plaintiff's counsel moved the Court to charge the jury, that a payment by the defendant of a security debt, after the issuance of the writ in this case, did not create a legal set off in this action; which the Court refused to charge, but charged the jury that any debt due to the defendant by said Wynne, before notice of the assignment, or the service of the writ in this case, was a valid off-set.

The defendant obtained a verdict and judgment, from which the plaintiff prosecutes this writ of error, and assigns for error, . the refusal to charge, and the charge given to the jury.

ROBINSON, for the plaintiff in error, cited 18 Johnson's Rep. 20; 15 Ser. & Rawle, 61; Chitty on Contracts, 331.

MOORE, contra.

ORMOND, J.—An off-set to be good, must be a subsisting demand at the time of the commencement of the action—such as the defendant could then have maintained an action on. A surety has no right of action against his principal, until he pays the money for which he is bound as surety, and as that was not done in this case, until after process sued out by the plaintiff, the defendant had no demand against Wynne when this suit was commenced, and therefore it could not be the subject of a set-off in this suit.

The Court below appears to have considered the payment of the surety debt a good off-set, because it was paid before *service* of the writ. That this is not correct, will be obvious, when it is considered, that if the suit had been brought by Wynne himself, and the surety debt paid by the defendant after the writ was sued out, it would not have been a good off-set against Wynne, because it would not have been a debt subsisting against him at the time he commenced his action, and it is only when there are mutual or subsisting debts at the time the action is brought, that one can be set-off against the other. Such being the case as between the original parties to the transaction, the assignee cannot certainly be in a worse condition; yet the charge of the Court considers that a good off-set against the plaintiff, which would not be good if the suit had been by Wynne, the payee of the note. The question of notice has no application in this case; the set-off referred to, was not good, not because the defendant had no notice of the assignment, but because he had no claim against Wynne until after the action was commenced.

It follows that the Court erred, both in the charge given, and the charge refused, and the judgment must therefore be reversed, and the cause remanded.