## Casey v. Newport Rolling Mill Company.

(Decided December 19, 1913).

### Appeal from Campbell Circuit Court.

Action—Commencement—Limitation.—The filing of a petition or amended petition, accompanied by a direction to the clerk to issue summons, is not a commencement of an action against a defendant sought to be charged, within the meaning of Section 2524, Kentucky Statutes, and Section 39, Civil Code, if as a matter of fact no summons is actually issued against said defendant.

MYERS & HOWARD and HUBBARD SCHWARTZ for appellant.

FRANK V. BENTON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This action was originally brought by plaintiff, Robert Casey, against defendant, Andrews Steel Company. In his original petition, which was filed on October 13, 1910, plaintiff alleged that while employed in the manufacturing plant of the Andrews Steel Company he was injured through its negligence on September 3, 1910. Summons was executed on the Andrews Steel Company on October 13, 1910. Thereafter the Andrews Steel Company filed a demurrer to the petition, which was sustained. On December 24, 1910, the defendant moved

that plaintiff be required to verify his amended petition. On January 11, 1911, defendant filed a demurrer to the amended petition. On January 16, 1911, the demurrer was overruled. On January 21, 1911, the Andrews Steel Company filed an answer denying the allegations of the petition.

On February 17, 1911, plaintiff filed an amended petition in which he alleged that on the 3rd day of September, 1910, the date of his injury, he was employed by the defendant, Andrews Steel Company, and the Newport Rolling Mill Company at a certain rolling mill plant situated in the city of Newport, Campbell county, Kentucky, operated by the said defendants jointly. He then reiterates the allegations contained in his original petition and amended petition with reference to the circumstances of his injury. To the filing of this amended petition the Andrews Steel Company objected and excepted.

On February 21, 1911, summons was issued against the Andrews Steel Company, commanding it to answer an amendment to the petition filed against it by plaintiff. No summons was issued against The Newport Rolling Mill Company at that time. The summons in question was served on the Andrews Steel Company on February 23, 1911. On March 21, 1911, plaintiff filed a reply to the answer of the Andrews Steel Company. On October 7, 1911, the case was set for trial on November 23, 1911. On November 21, 1911, the case was remanded to the rule docket. On November 23, 1911, one of the attorneys for plaintiff filed an affidavit stating that on the 17th day of February, 1911, he delivered to the clerk of the court the amended petition making The Newport Rolling Mill Company a party defendant; that said amendment to the petition was filed by the clerk on said day, and on the following day it was noted of record; that on the 20th day of February, 1911, affiant requested and directed the clerk of the court to issue summons thereon against The Newport Rolling Mill Company. On November 23, 1911, summons was issued on the amended petition against The Newport Rolling Mill Company, and duly served on it November 24, 1911.

On January 13, 1911, The Newport Rolling Mill Company moved that the affidavit of the attorney be stricken from the files. The motion was overruled, and The Newport Rolling Mill Company objected and excepted. On January 18, 1912, The Newport Rolling Mill Company

filed an answer, pleading the statute of limitations, and alleging that plaintiff's cause of action accrued on September 3, 1910; that summons for it was not issued until November 23, 1911, and that the cause of action did not accrue within one year before the commencement of the action against it.

To the foregoing answer, plaintiff filed a reply, alleging in substance that the amendment to the petition making The Newport Rolling Mill Company a defendant was filed within one year after the accrual of the cause of action therein set out, and that the clerk of the court was at the time of the filing of said amended petition instructed and requested to issue summons against the defendant, The Newport Rolling Mill Company, and denying that the cause of action set forth in the petition as amended did not accrue within one year before the commencement of the action against The Newport Rolling Mill Company, and denying that the cause of action against The Newport Rolling Mill Company was barred by the statute of limitations. Thereafter The Newport Rolling Mill Company filed a demurrer to the reply. On November 5, 1912, the plaintiff dismissed his action against the Andrews Steel Company. On the same day the cause was submitted for judgment on the pleadings. The demurrer of the defendant Newport Rolling Mill Company to the reply of plaintiff was sustained, and plaintiff having declined to plead further, the petition and amended petition were dismissed as to both defendants, and both defendants were adjudged to recover their costs of plaintiff. From this judgment plaintiff prosecuted an appeal, naming in his statement only the Andrews Steel Company as appellee. Subsequently an amended statement was filed making The Newport Rolling Mill Company appellee, and the style of the case was corrected on the record.

Section 2524, Kentucky Statutes, provides as follows:

"An action shall be deemed to have been commenced at the date of the first summons or process issued in good faith from the court or tribunal having jurisdiction of the cause of action."

Section 39 of the Civil Code is as follows:

"An action is commenced by filing, in the office of the clerk of the proper court, a petition stating the plaintiff's cause of action; or, in cases wherein written pleadings are not required, by filing in such court the account, or the written contract, or a short written statement of

the facts on which the action is founded; and, in either case, by causing a summons to be issued, or a warning order to be made thereon.''

It is the contention of plaintiff that when he filed his amended petition and requested the clerk to issue summons thereon against The Newport Rolling Mill Company, he did all that the law required of him; that it was then the duty of the clerk to issue the summons according to law; that it was not incumbent upon plaintiff to show that he had issued it, but that he had a right to rely on the clerk's knowing and performing his duty. It is true that this contention of plaintiff finds support in the language of this court in the cases of L. & N. R. R. Co. v. Smith's Admr., 87 Ky., 501, and L. & N. R. R. Co. v. Bowen, 18 Ky. L. Rep., 1099, when considered independently of the facts of those cases. It is the well settled rule, however, that the language of the court should be construed in the light of the facts before it, and of the question presented for decision. In the case of L. & N. R. R. Co. v. Smith's Admr., *supra,* the petition was filed and summons was issued thereon and served on appellant within a year from the accrual of the cause of action, but the summons cited the appellant to appear at the next term of the court, which commenced within ten days from the date of the summons, whereas section 44 of the Civil Code provided that the summons should be returnable to the first day of the next term of the court which did not begin within ten days from the date of the summons. It was further provided in section 41 that the summons should fix a day for the defendant to answer, and in section 44 that the day fixed should not be less than ten days from the next term of court, and if the next term of court commenced within ten days from the date of the summons, the defendant should be cited to answer at the next term thereafter. It was accordingly held that appellee had, as a matter of fact, caused summons to be issued, and that he could not be prejudiced by the negligence of the clerk in making the summons returnable to a term of court beginning within ten days from the date of the summons.

In L. & N. R. R. Co. v. Bowen, *supra,* the facts were these: The petition was filed on October 23, 1893. Instead of issuing summons in the name of D. C. Bowen, summons was issued on the day of filing in the name of D. C. Brown as plaintiff, and this summons was actually served on defendant. In this case, therefore,

plaintiff actually caused summons to be issued, though, through the fault of the clerk, a mistake was made in the name of the plaintiff. Not only so, but the defendant was actually summoned. In other words, the foregoing cases, when carefully analyzed, simply hold that when plaintiff has filed his petition, and has actually caused summons to issue thereon in time to save his right of action, he has done all the law requires him to do, and cannot be prejudiced by some clerical mistake of the clerk. On the other hand, we have uniformly held that the issuing of the summons is the commencement of the action, and that a summons, to be valid, must name the defendants to be summoned. Butts v. Turner & Lacy, 5 Bush, 435; Keller v. Stanley, &c., 86 Ky., 240; Thompson v. Bell, 6 T. B. Mon., 559. Insofar as the defendant is concerned, the suing out of process against him is the commencement of the suit. Pindell, Assignee, v. Maydwell, 46 Ky., 314.

In the present case no summons was actually issued against defendant, The Newport Rolling Mill Company, until after the expiration of a year from the time plaintiff's cause of action accrued. The question sharply presented, then, is this: Is a mere direction to the clerk to issue a summons, though, as a matter of fact, no summons is ever actually issued against the defendant sought to be charged, a sufficient compliance with the provisions of the statute and code? It may be conceded that under the authorities relied on by plaintiff if the summons be actually issued, though a clerical mistake be made by the clerk, the action will be deemed to have commenced as against the defendant against whom summons was issued. But the cases relied on do not sustain the contention that the mere direction to the clerk to issue summons is a commencement of the action against a defendant who, as a matter of fact, is not summoned at all. Indeed, there is a wide difference between directing a summons to be issued and actually causing it to be issued. In the one case no summons may ever issue at all; in the other case it must have been issued. If the broad rule contended for by plaintiff were adopted, it would lead to endless confusion. The commencement of an action would be determined by parol evidence instead of the actual issuance of the summons. Parties having the right to rely on the record, showing that no summons had been issued, would be met with the contention that the clerk had been requested to issue

summons, thus making important property rights depend on an issue of veracity between the clerk and the litigant or his attorney. In our opinion, such was not the purpose of the law-making power. The statute and code make it clear that an action is commenced by the issuance of the summons, and not by a request to have the summons issued. It follows that the demurrer to plaintiff's reply was properly sustained.

Judgment affirmed. Whole court sitting.