## Hudson's Administratrix v. Collins.

(Two Cases.)

(Decided May 15, 1931.)

132

ALLEN, BOTTS & DUNCAN for appellant.

OVERTON S. HOGAN for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Reversing.

These two appeals between the same parties, involving the same subject-matter, will be disposed of in one opinion.

Frank Hudson and George Collins were partners in the ownership of thoroughbred horses. Hudson died a resident of Fayette county on May 31, 1925. His widow, Frances Hudson, qualified as administratrix of his estate. George Collins as surviving partner settled the partnership. In March, 1926, he had disposed of all the partnership property, and reduced the assets to cash. On May 24, 1926, he transmitted to Mrs. Hudson a statement of his account showing a balance due by him as surviving partner, $13,244.13, and inclosing his check for that sum payable to her as administratrix in full settlement of his liability as surviving partner. She returned the check, declining to accept the statement as satisfactory. Some correspondence followed, and in December, 1926, Collins agreed to pay in full settlement the sum of $13,844.13, being $600 in excess of the balance shown by his statement. The administratrix agreed to this settlement, but as part of the agreement it was stipulated that she should

file an amended petition in the suit then pending in the Fayette circuit court for a settlement of the estate, setting forth the agreement with Collins and asking authority to make the settlement. A few days later appellant discovered discrepencies between the bank's account and the account Collins had made, and, upon making the discovery, repudiated the agreement of settlement, and the amended petition was not filed. Demand was made for an examination of the books of the partnership without success. Collins stood firm on the agreement of settlement, and on July 13, 1927, Mrs. Hudson, as administratrix, filed her petition in the Fayette circuit court against Collins seeking an accounting and settlement of the partnership business. Collins lived in Franklin county. A summons was issued when the petition was filed, another on August 25, 1927, and another on November 10, 1927. All these were returned "not found."

On December 14, 1927, Mrs. Hudson, as administratrix, filed an action in the Franklin circuit court against Collins for a settlement of the partnership, alleging that on a settlement Collins owed in excess of $15,000. The summons was served on December 30, 1927. On March 10, 1928, she had an alias summons issued in the Fayette circuit court action, which was executed on Collins on that day. On March 14, 1928, Collins filed his answer in the Franklin corcuit court action in the clerk's office, and it was filed of record in court on April 2, 1928. On March 20, 1928, he filed his answer to the petition in the Fayette circuit court.

In his answer in the Franklin circuit court he denied that the plaintiff had demanded a settlement or that on a settlement he would be found indebted to the estate of Frank Hudson in excess of $15,000, or any other sum in excess of the agreed amount. In the second paragraph he pleaded the agreed settlement made by them, and alleged that he was ready, willing, and able to carry out that settlement and pay $13,844.13. The answer concludes with these words:

"Defendant therefore says that plaintiff is estopped to prosecute this action against him and should be required to carry out said compromise agreement and accept the amount agreed upon thereunder, which he brings into court ready to be paid her.

"Wherefore the defendant makes this answer a counterclaim against the plaintiff and prays that the compromised settlement and agreement between them be enforced and that the plaintiff be required to accept said foregoing check and sum according to the terms of said agreement and for judgment against the plaintiff for costs and any other relief the defendant may appear entitled to."

In his answer to the action in the Fayette circuit court, he pleaded the pendency of the action in the Franklin circuit court in bar of that action, and filed a copy of that record as part of his answer. That answer concludes with these words:

"The defendant says that the suit is still pending in the Franklin circuit court, number 33075, and is a bar to the prosecution of a suit pending in the Fayette circuit court number 12511 and he pleads and relies upon same as a bar. A certified copy of the petition filed and pending in the Franklin circuit court marked exhibit 'a' is filed herewith as part hereof."

In the action in the Franklin circuit court on April 3, 1928, on motion of the plaintiff, her petition was dismissed without prejudice at her cost, but without prejudice to the defendant's counterclaim filed therein. On May 24, 1928, the plaintiff, the demurrer thereto having been overruled, filed her reply to the answer of Collins in the Fayette circuit court action, in which she pleaded that the suit in the Franklin circuit court had been dismissed. Collins demurred to the reply, and finally the court, on December 20, 1930, sustained a demurrer to the reply, and the plaintiff, failing to plead further, dismissed the action in the Fayette circuit court without prejudice. She appeals.

The plaintiff filed in the Franklin circuit court on May 4, 1929, a reply to the answer of Collins, in which she denied that the settlement asserted by Collins had ever been agreed to, and affirmatively pleaded that, after this attempted settlement had been proposed, she discovered that the statement of receipts and disbursements, furnished by Collins, was not correct, that, in fact, a large part of the disbursements were made out of the funds of plaintiff's decedent, for which the defendant had given her no credit, and that she was ignorant of this at the

time the proposed settlement was attempted. She also alleged that there were other assets belonging to the partnership, the existence of which were fraudulenly concealed by the defendant, and that she had been induced by the defendant's fraudulent concealment of the facts to make the agreement with him, and also to agree that she would file a petition asking the Fayette circuit court to confirm her authority to make the settlement on these terms. On motion of Collins, she was required to make her pleading more definite, and then filed an amended reply setting out items which she had discovered amounting to a little less than $600, and she alleged that, in addition to the specified items, the defendant caused other large additional sums to be paid out of the joint deposit account, either for his individual use or for expenses incurred in connection with the partnership, but that she was unable at the time to state what other specified disbursements were made by the defendant, but that the defendant fraudulently concealed from her the fact of such disbursements and of the existence of the joint deposit account, and that, except for said fraudulent concealment by the defendant, and except for the fraudulent and false statements by him, she would not have agreed to recommend the Fayette cricuit court, in the suit there pending for the settlement of the estate of Frank Hudson, the acceptance of the $13,844.13.

She further charged that at the time of the alleged settlement the defandant had on deposit at interest a portion of the partnership funds, and that the interest on the deposit, as well as the deposit, was an asset of the partnership; that the defendant fraudulently concealed from her the fact of said deposit or of the interest account, and she would not have agreed to the statement of account as correct or to the settlement had she known of the deposit or the additional assets. Her reply concludes with these words:

"Plaintiff says that the defendant fraudulently represened that said statement of account was a true, complete and correct statement of account, and that she believed the same to be true and correct, as set out therein, and except for said belief and except for her ignorance of the fraudulent concealments made by the defendant as hereinbefore set out, she would not have made said alleged settlement.

"Wherefore, plaintiff · prays to be dismissed hence with her. costs."

The Franklin circuit court, on December 15, 1930, sustained a demurrer to her reply as amended, and, she failing to plead further, entered judgment in favor of Collins adjuding that the settlement at $13,844.13 was valid, that the contract be enforced, and that the administratrix receive and accept that sum in full settlement of the controversy. She appeals.

1. The action in the Franklin circuit court.

The action to settle the estate of Frank Hudson was pending in the Fayette circuit court when the compromise relied on as a counterclaim was made. Section 3882, Ky. Stats., provides as follows as to such an action:

"In actions for the settlement of decedents' estates, the court may direct the sale of choses in action, including judgments, and may authorize the personal representative to compromise claims growing out of contract or tort due the estate, as well as claims on contract or tort against the estate; and a personal representative may compromise and settle any claim or demand for damages growing out of injury to or the death of the decedent."

In Daviess County Bank v. Wright, 129 Ky. 21, 110 S. W. 361, 364, 33 Ky. Law Rep. 457, 17 L. R. A. (N. S.) 1122, the court thus stated the rule under the statute:

"The statutes allow a suit at any time by the personal representative or any creditor or heir at law to settle the estate, and to distribute its assets. Upon the filing of such a suit the chancellor directs the administration henceforth. It is not competent, then for the personal representative, unauthorized by the court, to enter into contracts by which its jurisdiction and control in the matter might be ousted, and the statutory rights of other litigants or claimants be changed or postponed." To the same effect see Trevathan v. Dees, 221 Ky. 410, 298 S. W. 975, holding void a settlement not so approved.

As the compromise relied on in the answer had not been approved by the Fayette circuit court, it was not binding upon the estate, and could not be enforced by the Franklin circuit court. The record presented simply a case of attempted settlement which had not been com-

pleted, so as to be final and binding on the parties. The court erred in overruling the plaintiff's demurrer to the defendant's counterclaim.

The judgment is reversed, with directions to sustain the demurrer and dismiss the counterclaim without prejudice.

2. The action in the Fayette circuit court.

The rule as to another action pending is thus stated in 1 C. J. p. 57, sec. 73:

> "It is generally necessary that the action pleaded in abatement of another action shall have been commenced prior to the latter, for it is the priority and not the mere pendency of another action which is ground of abatement; and therefore the pendency of an action cannot be pleaded either in abatement or in bar of a prior action between the same parties for the same cause." To the same effect see Brice v. Starr, 90 Wash. 369 [56 P. 12]; Fairbanks v. Shady Milling Co., 94 Wash. 28 [161 P. 840]; Mullikin v. Cleveland, etc., R. Co., 164 Ill. App. 37; Pullman Co. v. Hoyle, 152 Tex. Civ. App. 534 [115 S. W. 315], and cases cited.

It is true the summons had not been executed on Collins in the Fayette circuit court action when the action in the Franklin circuit court was begun; but, in Loveland, etc., Co. v. Day, 99 S. W. 924, 925, 30 Ky. Law Rep. 879, the court in a like case held thus:

> "It is also insisted that the summons from the Knott circuit court had not been executed on the defendants. This is immaterial. An action is begun when a petition is filed and a summons is issued in good faith upon it. The execution of the order of delivery by the sheriff gave the Knott circuit court actual jurisdiction over the property. The Clark circuit court, therefore, properly held that the rights of the parties must be determined in that action, and that one of the defendants could not subsequently institute an action in another circuit court, and thus oust the Knott circuit court of jurisdiction." To same effect see Rothschild v. Kohn, 93 Ky. 107, 19 S. W. 180, 14 Ky. Law Rep. 36, 40 Am. St. Rep. 184; and Phillips v. C. & O. R. Co., 110 Ky. 33, 60 S. W. 941, 22 Ky. Law Rep. 1530.

138

An action is begun by filing the petition and having the process issued in good faith upon it. After this is done, the jurisdiction of the court is not disturbed by the parties going into another court on the same cause of action. Very clearly, if Collins had filed his petition in the Franklin circuit court when he filed his counterclaim asking that his compromise agreement be enforced, that action would not have interferred with the right of the Fayette circuit court to proceed with the trial of the case in that court. This was in substance what happened, for, although the administratrix brought the suit in the Franklin circuit court, she dismissed it without prejudice, and there was nothing left there except the counterclaim; the compromise therein relied on was in substance nothing more than an affirmative defense denying the allegations of the petition that the partnership was unsettled.

The Fayette circuit court having first acquired jurisdiction, its jurisdiction was not affected by any acts of the parties in going into another forum. The Fayette circuit court should have sustained the plaintiff's demurrer to the defendant's answer. This whole controversy can only be appropriately tried in the Fayette circuit court, and, on the return of the case to the circuit court, the defendant will be allowed to amend his answer so as to present his whole defense.

Judgment reversed, and cause remanded for further proceedings consistent herewith.