JAMES O'BRIEN *vs.* ALFRED J. McMANAMA & another, executors.

Middlesex.    November 21, 1932. — November 23, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Practice, Civil,* Amendment, Writ.

Where a creditor of a deceased person, within one year after the appointment of the executor of his will, sued out a writ against the executor and caused an attachment of real estate to be made, which subsequently was discovered to be void, and did not have that writ served on the defendant and did not enter it in court, but sued out another writ which bore by accident or mistake a date after the expiration of

such year instead of the date of the first writ and which was duly entered, the inference was that the second writ in fact was sued out on the day of its date; and there was no error in the denial of a motion to amend the second writ by changing its date to the date of the first writ: in the circumstances, there was no merit in a contention that the amendment was sought for the purpose of making the date of the second writ conform to the date when it actually was sued out.

CONTRACT. Writ in the Second District Court of Eastern Middlesex dated September 2, 1931.

Upon removal to the Superior Court, the plaintiff filed a motion to amend the writ by changing the date therein to August 3, 1931. The motion was denied by *Weed,* J. The plaintiff alleged an exception.

*P. J. Dowd,* for the plaintiff.

No argument nor brief for the defendants.

BY THE COURT. Motion to amend the writ in this action of contract by changing its date from September 2, 1931, to August 3, 1931, was denied by the trial judge for the sole reason that he had no power to allow it.

These facts are set out in the bill of exceptions: The defendants were appointed executors of the testator on August 21, 1930. The plaintiff sued out a writ against them on August 3, 1931, and caused an attachment of real estate in Plymouth County to be made on August 13, 1931. Later it was discovered that that attachment was void. Instead of using the same writ for service upon the defendants, another writ was drawn up and by accident or mistake was dated September 2, 1931, in place of August 3, 1931.

The irresistible inference from these facts is that the writ entered in court was in truth sued out on September 2, 1931, the day of its date. Doubtless the original writ dated on August 3, 1931, could have been used for service on the defendants. It was not so used. The new writ bearing its true date was in fact sued out and used. The date of a writ is *prima facie* the commencement of the action. In these circumstances the contention cannot be supported that the amendment was sought for the purpose of making the date of the writ entered in court conform to the date when it was actually sued out. The power to allow amend-

ments is broad. It has been construed liberally in aid of making the record conform to the truth. *Pizer* v. *Hunt,* 253 Mass. 321, 331. *Johnson* v. *Carroll,* 272 Mass. 134. *Shapiro* v. *McCarthy,* 279 Mass. 425. It can rightly be invoked in order to make the record conform to the truth, but not merely to avoid the running of the statute of limitations. *Pierce* v. *Tiernan,* 280 Mass. 180, and cases there reviewed. There is nothing in cases like *Fay* v. *Hayden,* 7 Gray, 41, and *Hamilton* v. *Ingraham,* 121 Mass. 562, in conflict with the conclusion here reached.

*Exceptions overruled.*