## Louisville & N. R. Co. v. Little.

(Decided June 2, 1936.)

O. H. POLLARD, C. S. LANDRUM and ASHBY M. WARREN for appellant.

WILLIAMS & ALLEN for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Reversing.

In a suit charging that he was wrongfully shot and wounded by John Maxwell, a detective agent of the appellant, Louisville & Nashville Railroad Company, the appellee, Ora Little, recovered a judgment for $5,500 against the company. Maxwell died before the trial. The company appeals.

Among several defenses it was plead that the cause of action was barred by the statute of limitations. The record disclosed these facts: The plaintiff was shot February 3, 1933. His petition against the railroad company and its employee for damages on that account was filed January 15, 1934, and summons for both defendants was then prepared, signed by the clerk of the court, and delivered to an attorney for the plaintiff at his request. The process was placed by the attorney in his office file, and was not delivered to the sheriff for service until March 10, 1934, more than 13 months after the cause of action accrued. Both defendants were served that day. The explanation of the attorney is that the matter was overlooked. The reply alleged that Maxwell was absent from Breathitt county "where he usually resided," and that the plaintiff did not know where he could be found; hence the summons could not have been served upon him sooner. The plaintiff's father, who seems to have been looking after the case for him, testified that he had advised the attorneys that he wanted to prosecute Maxwell and to have the summons served on him before it was served on the railroad company.

Section 2516 of the Statutes provides:

"An action for an injury to the person of the plaintiff * * * shall be commenced within one year next after the cause of action accrued and not thereafter."

Section 2524 of the Statutes provides:

"An action shall be deemed to have been commenced at the date of the first summons or process issued in good faith from the court or tribunal having jurisdiction of the cause of action."

Section 39 of the Civil Code of Practice provides:

"An action is commenced by filing, in the office of the clerk of the proper court, a petition stating the plaintiff's cause of action; * *.* and * * * by

causing a summons to be issued, or a warning order to be made, thereon."

In construing these provisions respecting the commencement of a suit against a known resident, we have held that merely filing a petition with the clerk of the court is not sufficient, but the summons must have been caused to issue in good faith. Loveland-Garrett Co. v. Day, 99 S. W. 924, 30 Ky. Law Rep. 879; Casey v. Newport Rolling Mill Co., 156 Ky. 623, 161 S. W. 528; Louisville & N. R. Co. v. Napier's Adm'r, 230 Ky. 323, 19 S. W. (2d) 997; Hudson's Adm'x v. Collins, 239 Ky. 131, 38 S. W. (2d) 975; Appleton v. Southern Trust Co., 244 Ky. 453, 51 S. W. (2d) 447. When a plaintiff has caused the summons to issue in good faith, he has complied with the law and saved his right of action in respect of time, for it is the official duty of the clerk to see to its proper delivery to the sheriff for service. Blackburn v. City of Louisville, 55 S. W. 1075, 21 Ky. Law Rep. 1716. It is the duty of the sheriff to attend the clerk's office daily to receive such process as may have been issued. Section 46, Civil Code of Practice. Obviously, if the plaintiff puts it beyond the power of the officers to perform those duties, he cannot be heard to complain if they are not performed. In modern practice, a summons is a means of notifying the defendant of the suit and ordering him to appear in court. Prewitt v. Caudill, 250 Ky. 698, 63 S. W. (2d) 954. If a plaintiff willfully or negligently prevents that notice and order being given, it cannot be said that he caused the summons to be issued in good faith.

Differences in the common law and the statutory practices have brought about some confusion in the opinions generally as to what is to be deemed the commencement of an action in relation to the summons. In some states it is the service of the summons, and in others the delivery to the sheriff or the placing of it in course of delivery to him. In any condition the element of good faith enters. In the recent work of 1 Am. Jur., Actions, sec. 58, p. 451, the rulings of the courts are thus stated:

"Where the issuance of a writ is regarded as the commencement of an action, its date will be deemed prima facie evidence of the time of its issu-

ance. But the commencement of an action is not conclusively established by the date of the writ so as to avoid a plea of the Statute of Limitations, because not only the issuance of the writ, but also a bona fide intent to have it served, is necessary to the commencement of an action; and if the writ issues without such intent, it is inoperative and the action is not commenced.''

See, also, 1. R. C. L. 338; 1 C. J. 1154.

The taking out of summons is presumptive evidence of an intention to have it served in due course, but that presumption may be rebutted by the facts. It may have been issued to be used or not, as circumstances thereafter required. Service may have been intentionally withheld by direction of the plaintiff until the occurrence of an event upon which his decision as to effecting the process depended. In other words, causing a summons to be issued by the clerk conditionally is not causing it to be issued in good faith. An intention to postpone starting the litigation is thereby evidenced. All the authorities are to the effect that the cause of action is not commenced until there is a bona fide intention to have the summons filled out and signed by the clerk, accompanied by bona fide, unequivocal intention to have it served or proceeded on presently or in due course or without abandonment. Action and intention combined constitutes the commencement of the suit, because a summons filled out and signed with no intention of having it served is altogether inoperative. Johnson v. Farwell, 7 Me. (7 Greenl.) 370, 22 Am. Dec. 203; Haskell v. Brewer, 11 Me. 258; Ross v. Luther, 4 Cow. (N. Y.) 158, 15 Am. Dec. 341; Cox v. Cooper, 3 Ala. 256; Cross v. Barber, 16 R. I. 266, 15 A. 69; Burd v. Tilton, 167 A. 21, 11 N. J. Misc. 503; Byron v. Great American Indemnity Co., 54 R. I. 405, 173 A. 546; Myers v. Warren, 275 Mass. 531, 176 N. E. 600; O'Brien v. McManama, 281 Mass. 89, 183 N. E. 176. In Webster v. Sharpe, 116 N. C. 466, 21 S. E. 912, 914, it appears a summons was held up by an attorney for the plaintiff pending the execution of a bond during which period the right of action lapsed. The Code (section 199) provided that "an action is commenced by issuing a summons." The court defined "issue" as meaning "going out of the hands of the clerk, expressed

or implied, to be delivered to the sheriff for service."
It was pertinently observed:

"But a summons simply filled up and lying in
the office of an attorney would not constitute an
issuing of the summons as provided for in the
Code."

Of course, though it has been postponed, when a
summons is actually served or put in line of service,
the mere intention to have it issued is translated into
a good-faith intentional action. But if the suspension
is not closed before the right to sue ends, it must be
regarded that the plaintiff slumbered through the time
prescribed. So it is in the instant case. The plaintiff
either deliberately withheld the actual legal issuance
of the summons, or through oversight postponed the
starting of the litigation until after the bell had rung
out the hour barring his right of action. The trial
court, therefore, should have sustained the defendant's
plea of limitation and dismissed the petition.

Judgment reversed.