Earletta HEARN, Appellant

v.

FAMILY DOLLAR HOLDINGS, INC.,
Family Dollar Stores of Kentucky,
Ltd., Family Dollar, Inc. Appellees

and

Family Dollar Holdings, Inc., Family
Dollar Stores of Kentucky, Ltd., Family Dollar, Inc. Cross–Appellants

v.

Earletta Hearn Cross–Appellee

NO. 2015–CA–001540–MR, NO.
2015–CA–001684–MR

Court of Appeals of Kentucky.

MAY 5, 2017; 10:00 A.M.

BRIEF FOR APPELLANT/CROSS–APPELLANT: Felicia J N Nu'man, Louisville, Kentucky

BRIEF FOR APPELLEES/CROSS–APPELLANTS: Kimberly Van Der Heiden, Carlisle, Kentucky

BEFORE: COMBS, MAZE, AND STUMBO, JUDGES.

## OPINION

COMBS, JUDGE:

Earletta Hearn appeals from an order of the Jefferson Circuit Court dismissing her personal injury action against Family Dollar Holdings, Inc.; Family Dollar Stores of Kentucky, Ltd.; and Family Dollar, Inc. The appellees jointly filed a protective cross-appeal. After our review, we affirm.

On March 28, 2014, Hearn, through counsel, filed a complaint against Family Dollar Holdings, Inc.; Family Dollar Stores of Kentucky, Ltd.; and Family Dollar, Inc. (North Carolina business entities referred to, collectively, as Family Dollar). She identified CT Corporation System in Frankfort as Family Dollar's registered agent.

In her complaint, Hearn alleged that she had suffered personal injuries on March 30, 2013, while shopping at the Family Dollar Store located on Portland Avenue in Louisville. She claimed that she had been hurt as a result of Family Dollar's negligence. Hearn also sued the James Trust, owner of the real property. Although summonses were issued, service of process was never attempted.

On March 23, 2015, Family Dollar filed a motion asserting the defense of insufficiency of service of process. By way of special appearance, Family Dollar contested the court's jurisdiction. On that basis, it sought the dismissal of Hearn's claims.

On April 13, 2015, Hearn's counsel responded and argued that the action had been timely filed and should not be dismissed despite the lack of service of process. Counsel told the court that the defendants had not been served because the parties had been negotiating a settlement. She also indicated that she "has reissued the summons to all parties and the matter is now ready to move forward in the litigation process." In its reply, Family Dollar vehemently denied that any negotiations had occurred. Notably, despite the clear representation to the court, it does not appear that summonses were ever re-issued.

In an order tendered by Hearn's counsel, the Jefferson Circuit Court denied Family Dollar's "Motion to Dismiss pursuant to Civil Rule 41.02." Hearn was "ordered to have summons re issued (sic) **and** properly served upon the Defendant within 10 days of the entry of this order." (Emphasis added). The date stamped upon the clerk's entry of the order appears illegible. However, the parties agree that the order was entered in the record by the clerk on May 6, 2015.

On May 18, 2015, summonses were again issued. On May 26 and May 27, return receipts were filed in the record. These receipts show a delivery to Family Dollar's agent on May 21 and May 22, 2015. The James Trust was served with a summons and a copy of the complaint on June 1, 2015.

On June 5, 2015 Family Dollar filed its answer denying any negligence and asserting "all affirmative defenses in accordance with Civil Rule 8.03," "improper jurisdiction," and "failure of proper service."

On June 9, 2015, the James Trust filed its answer to the complaint. The James Trust denied any negligence, asserted insufficiency of service of process, and claimed that the action was barred by the statute of limitations.

On July 29, 2015, the James Trust filed a motion for summary judgment. The James Trust argued that the action had not been commenced within the applicable period of limitations since the initial summons had not issued in good faith. On

August 18, 2015, Family Dollar filed a similar motion for summary judgment.

On August 26, 2015, an agreed order was entered dismissing with prejudice the claims against the James Trust.

On September 3, 2015, Hearn responded to Family Dollar's motion for summary judgment. Hearn contended that Family Dollar's failure to plead the statute of limitations meant that the defense had been waived. Family Dollar filed a lengthy reply.

The Jefferson Circuit Court determined that the action was time-barred. In an order entered on September 23, 2015, the court granted Family Dollar's motion for summary judgment based upon Hearn's failure to commence the action within the applicable period of limitations. This appeal followed.

■ Hearn contends that the trial court erred by dismissing her action against Family Dollar since the summonses reissued within ten days of entry of the order. However, we are persuaded that the trial court did not err by dismissing the action.

■ The one-year statute of limitations for personal injury governs this action. KRS[1] 413.140. Hearn contends that she was injured on March 30, 2013. Therefore, the statute of limitations ran on March 31, 2014. Hearn filed her complaint on March 28, 2014, before the limitations period expired. However, KRS 413.250 provides that an action is commenced "on the date of the first summons or process *issued in good faith* from the court having jurisdiction of the cause of action." (Emphasis added.) Likewise, our rules of civil procedure provide that a civil action "is commenced by the filing of a complaint with the court and the issuance of a sum-

mons ... *in good faith.*" CR[2] Kentucky Rule[s] of Civil Procedure 3 (Emphasis added). Good faith requires "a bona fide intention to have the summons filled out and signed by the clerk, accompanied by a bona fide, unequivocal intention to have it served or proceeded on presently or in due course or without abandonment." *Rucker's Adm'r v. Roadway Exp.*, 279 Ky. 707, 131 S.W.2d 840, 842 (1939)(citing *Louisville & Nashville R.R. Co. v. Little*, 264 Ky. 579, 95 S.W.2d 253, 255 (1936)). A summons issued with no intention of having it served in due course is inoperative. *Id.*

■ While "[t]he taking out of summons is presumptive evidence of an intention to have it served in due course ... [,] that presumption may be rebutted by the facts." *Id.* at 842. In this case, the initial summons was issued on March 28, 2014, the same day on which the complaint was filed. However, Hearn did not attempt to serve any of the defendants with the summons. She acknowledged to the trial court that she intended to postpone commencement of the litigation because the parties were attempting to negotiate a settlement. (Again, Family Dollar denies that such negotiations had occurred.) Under these circumstances, Hearn's delay constitutes a lack of good faith that prevented the action from being commenced until summonses were reissued on May 18, 2015,—well outside the limitations period.

Additionally, Hearn's reliance upon the extension provided by the terms of the trial court's order of September 23, 2015, to save the action is misplaced. First, the court by order could not, *sua sponte*, extend the statute of limitations. And second, the further delay in the service of summonses violated the express terms of that very order. The court's order, entered on

1.  Kentucky Revised Statutes.

2.  Kentucky Rules of Civil Procedure.

May 6, 2015, provided that the summonses be reissued **and** served within ten days. Yet they were **all** served beyond that ten-day grace period.

It is clear from the pleadings and from the facts revealed from the motion practice that there was no genuine issue as to any material fact that would entitle Hearn to a judgment in her favor. Family Dollar was entitled to judgment as a matter of law. Therefore, the trial court did not err in granting summary judgment. In light of our analysis, we need not consider the issues presented by the protective cross-appeal.

We affirm the judgment of the Jefferson Circuit Court.

ALL CONCUR.