Donna NANNY, Appellant,

v.

Jennifer SMITH, Appellee.

No. 2006–SC–000833–DG.

Supreme Court of Kentucky.

Aug. 21, 2008.

Daryl Thomas Dixon, Paducah, KY, Counsel for Appellant.

Michael Darin Moore, Paducah, KY, Counsel for Appellee.

Opinion of the Court by Justice SCOTT.

The issue in this case is whether an action is commenced within the limitations period when the complaint is delivered timely to the circuit court clerk, but summons is not issued by the clerk until after the limitations period has expired. We hold that under the circumstances presented, it is.

## I. Facts

On August 22, 2001, Appellant, Donna Nanny, was involved in an automobile accident in Graves County, in which she was rear-ended by Appellee, Jennifer Smith. Nanny subsequently filed a claim with her insurance carrier, Kentucky Farm Bureau Insurance Company, for basic reparation benefits. Payments were made to, or on behalf of, Nanny until October 18, 2001, when her insurance carrier refused to pay any further medical bills she incurred as a result of the accident.

Nanny attempted to initiate a personal injury suit against Smith within the applicable statute of limitations, two years from the last payment. KRS 304.39–230(6). Nanny personally delivered her complaint to the Graves Circuit Court Clerk's office on Friday, October 17, 2003. The time-date stamp on the receipt indicates that her complaint was received by the clerk at 2:35 p.m. Because the two-year limitations period was due to expire Saturday, October 18, 2003, Nanny had until Monday, October 20, 2003, to file her action. CR 6.01. However, the clerk did not file the case and issue the summons until Tuesday, October 21, 2003, merely one day after the statute of limitations expired.

The Graves Circuit Court dismissed Nanny's personal injury action on the basis that the summons was issued and the complaint was stamped as filed on the day after the period of limitations expired. The Court of Appeals affirmed 2–1. We granted discretionary review and now reverse.

## II. Analysis

■ It has long been the rule in Kentucky that issuance of process within the limitations period is necessary in order to commence an action. *See, e.g., Delong v. Delong,* 335 S.W.2d 895 (Ky.1960); *Wm. H. McGee & Co. v. Liebherr America, Inc.,* 789 F.Supp. 861 (E.D.Ky.1992) (applying Kentucky law). In line with that precedent, Kentucky Rule of Civil Procedure (CR) 3.01 provides that "[a] civil action is commenced by the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith." KRS 413.250 provides that "[a]n action shall be deemed to commence on the date of the first summons or process issued in good faith from the court having jurisdiction of the cause of action."

Nanny argues that she performed her duties, and that she should not be required to supervise the clerk. Nanny further contends the clerk's failure to issue the summons within the statutory period should be correctable as a clerical error under CR 60.01 or as a mistake under CR 60.02(a). She did not, however, file a motion seeking relief under CR 60. Nevertheless, Nanny argues that she should not be punished for waiting until the end of the limitations period to file her complaint.

Smith responds that Nanny's action was commenced beyond the statutory period. Smith notes that the civil summons form is readily available to the public on the Court of Justice website and could have easily been delivered to the clerk along with the complaint. She contends it is the litigant's duty to file the complaint and ensure that

the clerk issues summons in a timely fashion. Smith argues that the law on the subject is clear, and that it is up to the legislature to change the law if appropriate.

In making her argument, Nanny relies primarily on *Hagy v. Allen*, 153 F.Supp. 302 (E.D.Ky.1957), a federal case interpreting Kentucky law. The attorney for the plaintiff in *Hagy* had done everything that was humanly possible in order to ensure the summons was issued. Because the clerk's office was closed, the attorney took the complaints, filing fee, and summons to the clerk's home for filing. There, the clerk marked the complaints filed. The summons, however, was not issued until after the statute of limitations had run. Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the federal court in this diversity case was required to apply the substantive law of Kentucky. After considering the case law and the Kentucky Rules of Civil Procedure, the court ruled in favor of the plaintiff, stating that the plaintiff should not be prevented from seeking relief due to clerical error and circumstances beyond her control.

Although the facts differ somewhat from the present case, we are persuaded by the reasoning in *Hagy*. Here, Nanny did not have a summons prepared, as the attorney did in *Hagy*, ostensibly because she was under the impression that it was the clerk's duty to prepare such documents under CR 4.01(1). Also, Nanny did not need to travel to the clerk's house, since she delivered the complaint during normal operating hours, three days before the statute of limitations expired. The fact that Nanny delivered the complaint to the clerk's office within normal operating hours should have made it easier for the clerk to issue the summons in a timely fashion within the statutory period.

Once Nanny delivered the complaint, she could reasonably expect that the summons would be issued within the statutory period. At that point, Nanny had no further duty to ensure that the clerk issued the summons within the limitations period. CR 4.01 ("[u]pon the filing of the complaint ... the clerk shall forthwith issue the required summons and, at the direction of the initiating party, either" serve the summons and complaint by mail or transfer the summons and complaint to an authorized person for delivery and service); KRS 30A.030(1); *Louisville & N.R. Co. v. Smith's Adm'r*, 10 Ky. L. Rptr. 514, 87 Ky. 501, 9 S.W. 493, 495 (1888) ("[I]t is the official duty of the clerk to issue the summons in accordance with law, and it is not incumbent upon the plaintiff to see that he issues it in accordance with law."). Nor did Nanny have the power to compel the clerk to issue summons since, by statute, the clerk is under the supervision of the Chief Justice, not Nanny or her attorney. KRS 30A.010(2).

Because Nanny had neither the power nor the duty to ensure that the clerk perform official duties, she was prevented by circumstances beyond her control from having the summons issued in time. We believe that under these facts, Nanny should not be held responsible for such circumstances. *See Prewitt v. Caudill*, 250 Ky. 698, 63 S.W.2d 954, 958–59 (1933) (upholding the petitioner's right to maintain an election contest on the basis that he was prevented by circumstances beyond his control from having the summons issued in time and that the delay in issuing the summons was due solely to the fault of the circuit clerk over whom the petitioner had no control); *Ward v. Howard*, 177 Ky. 38, 197 S.W. 506, 510(1917):

> The question now is, can the clerk by deliberately absenting himself from his office, or by closing his office, or by

concealing himself, or by refusing to take the bonds, deprive the contestants of their right to take appeals? If this statute should be so strictly construed as that this court would not have jurisdiction under any conditions or under any circumstances unless the bond was executed on the day the judgment was rendered, it can readily be seen that in many cases the contestant, *without any fault or neglect on his part, and although he may have made every reasonable effort to execute the bond on the day the judgment was rendered, would be denied the right of appeal, by the conduct of the clerk, or by some other condition that could not be anticipated or provided against.*

(Emphasis added.)

At all levels of the judicial process, promptness in filing is essential to the proper function of the court system. However, under the unique facts presented here, we are simply deeming done what should have been done per CR 4.01 by recognizing an equitable tolling of the statute of limitations. *Robertson v. Commonwealth,* 177 S.W.3d 789 (Ky.2005) (holding that equitable tolling is appropriate in circumstances that are beyond the party's control when the party has exercised due diligence and is clearly prejudiced).

### III. Conclusion

Nanny complied with the spirit of the law and should not be punished for the clerk's failure to promptly perform official duties mandated by statute and court rule. Accordingly, the judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings.

ABRAMSON, CUNNINGHAM, NOBLE, and SCHRODER, JJ., concur. MINTON, C.J., dissents for the reason that although the majority reaches an

equitable result, it must ignore the express language of KRS 413.250 to get there. VENTERS, J., not sitting.