**James W. STEADMAN, Appellant,**

v.

**Roger GENTRY; Barren County Fiscal Court; Leland Cox; and Sharon Buckley (Houchens) (Brown), Appellees.**

No. 2009–CA–000332–MR.

Court of Appeals of Kentucky.

June 4, 2010.

James W. Steadman, Elizabethtown, KY, pro se.

David W. Anderson, Bowling Green, KY, for appellee.

Before ACREE, NICKELL, and THOMPSON, Judges.

## OPINION

NICKELL, Judge.

James W. Steadman, *pro se,* has appealed from the Barren Circuit Court's January 30, 2009, order denying his motion to reconsider the January 21, 2009, order granting partial summary judgment in favor of Roger Gentry.[1] After a careful consideration of the record, the briefs and the law, we affirm.

Steadman was arrested in Texas on an outstanding Barren County, Kentucky, arrest warrant and was extradited to Kentucky on May 31, 2005, where he was housed at the Barren County Detention Center. On July 24, 2006, Steadman filed his initial complaint against the Barren County Fiscal Court; Leland Cox, the Barren County Jailer; Sharon Buckley, a captain at the jail; the Louisville–Jefferson Urban County Government; and John Campbell, director of the Louisville–Jefferson Metro Department of Corrections.[2] Campbell and Louisville–Jefferson Urban County Government were dismissed as parties in early 2007.

On March 21, 2007, Steadman moved the circuit court for leave to file an amended complaint alleging a new claim that he was assaulted on August 1, 2006, by Buckley and Gentry while he was incarcerated.[3]

---

1. Although the notice of appeal filed in this action lists all of the parties in the action below as appellees, the issues presented pertain solely to Gentry and no argument is advanced as to any of the other parties. Therefore, no further comment regarding those appellees is warranted.

2. Steadman leveled nine claims in the complaint, the majority of which centered upon his belief that corrections staff had wrongfully confiscated his personal property and had conspired to restrict his access to the courts by denying him supplies and access to legal research materials.

3. The amended complaint contained a total of seven allegations not contained in the original filing. Steadman raised additional claims related to the alleged conspiracy to restrict his access to the courts along with the claim that he was assaulted. Only arguments related to the assault claim are addressed by the parties

Steadman tendered the amended complaint and a proposed order with his filing. The circuit court granted the motion on March 27, 2007. Because Steadman neither requested issuance of a summons, nor specified the desired method of service as required by CR [4] 4.01(1), none were issued by the circuit court clerk.

Cox and Buckley answered Steadman's amended complaint on April 25, 2007. Gentry had not been served with process so no answer was filed on his behalf. In July 2007, Steadman requested copies from the circuit court clerk of the summons served on Gentry and Buckley, but received no response. On March 7, 2008, Steadman reviewed the record in the matter and discovered no summons had been issued for service on Gentry. At his behest, the circuit court clerk issued the summons on March 18, 2008. Although Gentry was served with the summons on March 19, 2008, a miscommunication with his counsel occurred and no answer to the complaint was tendered. On November 21, 2008, Steadman moved for a default judgment against Gentry.

Upon receiving the motion for default judgment and learning Gentry had, in fact, been served, his counsel immediately tendered an answer to the complaint and a response to the motion for default judgment. Gentry also filed a motion for summary judgment alleging the statute of limitations had run on Steadman's claims against him. At a status conference held on November 25, 2008, the circuit court denied the motion for default judgment and ordered the tendered answer to be filed. Following a hearing, on January 21, 2009, the circuit court entered a final and appealable order granting summary judgment in favor of Gentry. Steadman's motion to reconsider was denied. This appeal followed.[5]

The sole issue presented in this appeal is whether the circuit court correctly determined the statute of limitations period had expired on Steadman's claims against Gentry and therefore granted Gentry a summary judgment. Pursuant to KRS [6] 413.140, the statute of limitations for actions sounding in tort is one year. Actions not commenced within that time limit are forever barred. As the allegations giving rise to the instant claim occurred on August 1, 2006, our determination hinges on whether Steadman commenced his action against Gentry prior to August 1, 2007. We hold he did not, and affirm the circuit court's grant of summary judgment.

■ Commencement of an action requires the filing of a complaint and the good faith issuance of a summons or warning order based on the allegations contained in the complaint. CR 3.01. "[T]he statute of limitations runs until a summons is actually issued." *Simpson v. Antrobus*, 260 Ky. 641, 86 S.W.2d 544, 546 (1935). *See also Delong v. Delong*, 335 S.W.2d 895 (Ky.1960); *Louisville & N.R. Co. v. Little*, 264 Ky. 579, 95 S.W.2d 253 (1936). KRS 413.250 states "[a]n action shall be deemed

in this appeal. Thus, no further comment is necessary on the remaining claims.

4. Kentucky Rules of Civil Procedure.

5. Steadman alleges in the introduction to his brief that he is appealing from the "overruling of a default judgment motion and the granting of a summary judgment and overruling of Motion for Reconsideration...." However, no argument is made regarding the denial of his motion for default judgment and we note that the order entered by the circuit court on that motion is not a final and appealable order. Therefore, as this Court is without jurisdiction to pass on issues decided in non-final orders, *Wilson v. Russell*, 162 S.W.3d 911 (Ky.2005), no discussion will be had regarding the circuit court's denial.

6. Kentucky Revised Statutes.

to commence on the date of the first summons or process issued in good faith from the court having jurisdiction of the cause of action."

██ In the case *sub judice,* using the guidance set forth above, Steadman commenced his action against Gentry on March 18, 2008, the date a summons was issued by the Barren Circuit Court. Clearly, this is outside the one-year time limitation established by KRS 413.140 as was correctly found by the circuit court in granting Gentry's motion for summary judgment.

Nevertheless, though he did not request any additional summons to be issued, Steadman contends he should not be punished for what he perceives to be the error of the circuit court clerk in failing to issue the summons for Gentry upon receipt of his amended complaint. In support of his contention, Steadman argues the recent decision of the Supreme Court of Kentucky in *Nanny v. Smith,* 260 S.W.3d 815 (Ky.2008), is controlling and mandates reversal of the circuit court's judgment. However, Steadman's reliance on *Nanny* is misplaced. In *Nanny,* the plaintiff delivered her complaint to the circuit clerk on a Friday. The statute of limitations on the claims in her complaint were set to expire on the following day, a Saturday, so she actually had until Monday to commence her action. The clerk failed to issue a summons until Tuesday, the day after the statute had run. The Supreme Court held the clerk's error in failing to issue the summons forthwith when the complaint was filed violated CR 4.01(1) and therefore the statute was equitably tolled.

Here, Steadman filed his amended complaint quite some time prior to the expiration of the limitation period. Because this was not an original action, no summons could be issued until the circuit court entered an order allowing the filing of the amended pleading. Such order was entered on March 27, 2007. As the limitations period did not expire until August 1, 2007, Steadman had nearly four months to ensure the summons had been issued before being barred by the statute of limitations. Despite this extended amount of time to ensure process was issued, he did not instruct the circuit court clerk regarding the issuance of any additional summonses until March of 2008, some seven months *after* the limitations period had expired and nearly one year after the filing of the amended complaint. Steadman's lack of diligence is fatal to his claim and his reliance on *Nanny* is misplaced, as the Supreme Court based its decision on Nanny's due diligence.

Further, *Nanny* is factually distinguishable from the case at bar. *Nanny* involved the filing of an original complaint, to which the mandates of CR 4.01(1) apply and require a clerk to issue a summons "forthwith" when a complaint is filed. In contrast, this case involves the filing of an *amended* complaint, to which no similar provision is found in the civil rules. Thus, the holding in *Nanny* is inapposite to the case at bar, and the circuit court's rejection of Steadman's argument based on *Nanny,* and its subsequent grant of summary judgment, was not in error.

Therefore, for the foregoing reasons, the judgment of the Barren Circuit Court is affirmed.

ALL CONCUR.