Tandy HILL, Appellant

v.

STATE FARM INSURANCE COMPANY and Constance Short, Appellees.

No. 2011–CA–001400–MR.

Court of Appeals of Kentucky.

July 6, 2012.

Discretionary Review Denied by Supreme Court Feb. 13, 2013.

**154**

C. Ed Massey, Erlanger, KY, for appellant.

Robert B. Cetrulo, Edgewood, KY, for appellee, State Farm Insurance.

Before COMBS, DIXON and VANMETER, Judges.

## OPINION

VANMETER, Judge:

Tandy Hill appeals from an order of the Boone Circuit Court granting summary judgment in favor of State Farm Insurance Company (State Farm). The trial court dismissed Hill's claims against State Farm as barred by the applicable two-year contractual limitations period provided in State Farm's contract with Hill. The issue before this court is whether the trial court erred by holding as a matter of law that Hill's complaint was filed outside the contractual limitations period because, although Hill delivered the motion to amend her original complaint to the Boone Circuit Court Clerk within the applicable two years, a hearing on the motion was not granted and the summons was not issued until after the limitations period had expired. We hold that summary judgment was not proper in this instance, and therefore reverse the decision of the trial court

and remand the case for further proceedings.

On December 7, 2006, Hill sustained injuries in an automobile accident. Hill filed suit against the tortfeasor, Constance Short, in the Boone Circuit Court on November 6, 2008. The injuries sustained by Hill, however, exceeded Short's insurance policy limits, so Hill sought to recover from State Farm based on a contract of insurance for underinsured motorists (UIM).

After a failed attempt to reach a resolution with State Farm, on September 21, 2009, Hill filed a motion for leave to amend her original complaint against Short to add State Farm as a defendant in the action. The certificate of service for the motion and amended complaint indicate that it was mailed to State Farm on September 18, 2009. The trial court did not hold a hearing on Hill's motion to amend until October 6, 2009, at which time it granted her motion and filed her amended complaint. A summons was issued against State Farm on October 14, 2009.

State Farm moved for summary judgment against Hill, arguing that the lawsuit had been commenced after the applicable two-year contractual limitations period had run. The trial court denied State Farm's motion for summary judgment by order entered December 14, 2010, but subsequently granted State Farm's motion for reconsideration on July 18, 2011, and dismissed Hill's claims against State Farm. This appeal followed. Hill asserts that the trial court erred by granting summary judgment in favor of State Farm and holding her claims as contractually time-barred. We agree.

 " 'Whether an action is barred by the statute of limitations is a question of law[,]' " which an appellate court reviews *de novo*. *Ragland v. DiGiuro*, 352 S.W.3d 908, 912 (Ky.App.2010) (quoting *Cuppy v.*

*Gen. Acc. Fire & Life Assur. Corp.*, 378 S.W.2d 629, 631 (Ky.1964)). We review a trial court's grant of summary judgment to "determine whether the trial court correctly found that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law." *Combs v. Albert Kahn Assoc., Inc.*, 183 S.W.3d 190, 193–94 (Ky.App.2006) (citation omitted).

 "Interpretation and construction of an insurance contract is a matter of law for the court." *Kemper Nat'l Ins. Cos. v. Heaven Hill Distilleries, Inc.*, 82 S.W.3d 869, 871 (Ky.2002) (citations omitted).

A policy of insurance is to be construed liberally in favor of the insured, and if, from the language, there is doubt or uncertainty as to its meaning, and it is susceptible to two interpretations, one favorable to the insured and the other favorable to the insurer, the former will be adopted.

*Id.* at 874 (quoting *St. Paul Fire & Marine Ins. Co. v. Powell–Walton–Milward, Inc.*, 870 S.W.2d 223, 227 (Ky.1994)).

Section 5, Item 2.d in the State Farm contract precludes a right of action against State Farm for "underinsured motor vehicle coverage unless such action is commenced not later than two (2) years after ... the last ... reparation payment made by any reparation obligator[.]" Here, the accident occurred in 2006 but the last personal-injury protection (PIP) payment was received September 25, 2007. Therefore, Hill had until September 25, 2009, to commence an action against State Farm in order to comply with the contractual limitations period.

 While State Farm did not define "commence" in its contract, the commonly accepted definition of "commence" in Ken-

tucky jurisprudence is found in CR[1] 3.01, which provides that "[a] civil action is commenced by the filing of a complaint with the court and the issuance of a summons[.]" KRS[2] 413.250 further states that an action is commenced "on the date of the first summons or process issued in good faith from the court[.]"

That being said, these definitions of "commence," as well as use of the word in State Farm's contract, apply to original complaints, which are distinguishable from amended complaints. For original complaints, CR 4.01 explains that "[u]pon the filing of the complaint ... the clerk shall forthwith issue the required summons[.]" Yet, no comparable rule exists for amended complaints. *Bradford v. Bracken County,* 767 F.Supp.2d 740, 751 (E.D.Ky. 2011) (citations omitted). In the present case, Hill was required to file a motion for leave to amend her complaint because she was seeking to add a new defendant. Amended complaints are governed by CR 15.01, which provides, in part:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Although no responsive pleading had yet been filed by State Farm, it would be illogical to allow a party to amend a complaint to add a new party without leave of the court. *See Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 43 F.3d 1054, 1069 (6th Cir.1995) ("If we accept this interpretation of [Federal] Rule 15(a), a plaintiff could always add a new party, at any point in the litigation, without court permission.").

State Farm argues that for purposes of the contract, Hill's complaint was not commenced until the trial court granted her motion and issued the summons. However, Hill's motion for leave to amend was filed four days before the limitations period expired, even though the motion was not heard or granted until after the period had run. Hill had no control over when the trial court's schedule would permit her motion to be heard. Since amended complaints that add new parties are procedurally different from original complaints in requiring leave of the court, a strict application of the definition of "commence" would be prejudicial to Hill. Thus, we hold that filing the motion for leave to amend and attaching the amended complaint adding State Farm as a party, given that the trial court subsequently granted the motion, was sufficient to commence the action for purposes of the limitations period in State Farm's contract.

■ Moreover, the linchpin in determining when a party would be prejudiced if required to defend a case on its merits is notice, which State Farm received before the period expired. *Nolph v. Scott,* 725 S.W.2d 860, 862 (Ky.1987) (citing *Schiavone v. Fortune,* 477 U.S. 21, 31, 106 S.Ct. 2379, 2385, 91 L.Ed.2d 18 (1986)). The record indicates that counsel for State Farm was served by mail with Hill's motion for leave to amend her complaint and an attached copy of the amended complaint on September 18, 2009, three days before the motion was filed with the clerk and a week before the contractual limita-

---

**1.** Kentucky Rules of Civil Procedure.

**2.** Kentucky Revised Statutes.

tions period expired. As a result, we find that State Farm was put on notice of the pending action and would not be prejudiced in having to defend the case on its merits.

We further note that while limitations periods and promptness in filing are critical aspects of the judicial system, to bar Hill's claims for reasons beyond her control after she exercised due diligence would be unfair. *See Nanny v. Smith*, 260 S.W.3d 815, 818 (Ky.2008) ("under the unique facts presented here, we are simply deeming done what should have been done per CR 4.01 by recognizing an equitable tolling of the statute of limitations."); *Robertson v. Commonwealth*, 177 S.W.3d 789 (Ky.2005) (holding that equitable tolling is appropriate in circumstances that are beyond the party's control when the party has exercised due diligence and is clearly prejudiced). *But see Steadman v. Gentry*, 314 S.W.3d 760 (Ky.App.2010) (holding that the statute of limitations period should not be tolled when defendant's motion to amend was granted four months before limitations period expired but defendant waited seven months after period expired to ensure summons was issued).

Here, Hill exercised due diligence and cannot be expected to foresee exactly when her motion for leave to amend would be heard. Thus, we hold that filing a timely motion for leave to amend and attaching an amended complaint while also providing notice to the defending party is sufficient to timely commence the action against State Farm. For the foregoing reasons, the Boone Circuit Court's grant of summary judgment to State Farm is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

ALL CONCUR.