Melissa STULL, Appellant

v.

Ronald STEFFEN; Harper Cline; Steve McClanahan; and Ronnie Winkle, Appellees.

No. 2011–CA–000229–MR.

Court of Appeals of Kentucky.

July 27, 2012.

Mark W. Wegford, Alexandria, KY, for Appellant.

Frank V. Benton, IV, Newport, KY, for Appellee Ronald Steffen.

Farrah W. Ingram, Mt. Sterling, KY, for Appellee Harper Cline.

John J. Ellis, Morehead, KY, for Appellees Steve McClanahan and Ronnie Winkle.

Before KELLER, TAYLOR and THOMPSON, Judges.

## OPINION

KELLER, Judge:

Melissa Stull (Stull) appeals from the trial court's summary judgment in favor of Ronald Steffen (Steffen), Harper Cline (Cline), Steve McClanahan (McClanahan), and Ronnie Winkle (Winkle) (collectively referred to herein as the Appellees). On appeal, Stull argues that Steffen's insurer, Kentucky Farm Bureau (Farm Bureau), made a disbursement under the medical payment (MedPay) provision of the policy prior to exhausting Stull's entitlement to personal injury protection (PIP) benefits, thereby extending the statute of limitations. The Appellees argue that PIP benefits were exhausted prior to any disbursement of MedPay benefits and, even if that is not the case, payment of MedPay benefits cannot extend the statute of limitations. Having reviewed the record, we affirm.

## FACTS

Because the court entered its summary judgment before the parties had undertaken any extensive discovery, we take our facts from Stull's deposition and the pleadings filed by the parties.

On September 8, 2005, Stull, a passenger in Steffen's car, was injured when the car swerved into a ditch to avoid a tractor and wagon that were in the middle of the road. The tractor and wagon were owned by Cline and were being operated by McClanahan and Winkle.

Steffen's Farm Bureau policy provided coverage that included $10,000 in PIP benefits and $1,000 in MedPay benefits, with the MedPay benefits being designated as "excess insurance."

Following the accident, Stull underwent medical treatment and lost time from work. She submitted her medical bills and a request for lost wage reimbursement to Farm Bureau. Pursuant to its policy, from October 17, 2005, through January 23, 2006, Farm Bureau paid $7,013.45 in medical expenses and $2,972.86 in lost wages for a total of $9,986.31 in benefits that it designated as PIP. Thereafter, Farm Bureau paid benefits it designated as MedPay from January 24, 2006, through February 7, 2006, in the amount of $1,000.

On January 31, 2008, Stull filed suit against Steffen, Cline, McClanahan, and Winkle. The Appellees filed responses to Stull's complaint and, after conducting lim-

ited discovery, Steffen filed a motion for summary judgment. In his motion, Steffen noted that the applicable statute of limitations requires a person injured in a motor vehicle accident to file her claim within two years of the last PIP payment. Kentucky Revised Statute (KRS) KRS 304.39–230(6).[1] Steffen asked the court to dismiss Stull's complaint because she did not file it within two years of January 23, 2006, the date of the last PIP payment. Cline, McClanahan, and Winkle joined in Steffen's motion.

In her response, Stull did not dispute that the last payment Farm Bureau designated as PIP was made on January 23, 2006. However, she noted that said payment brought the total PIP paid to $9,986.31. According to Stull, Farm Bureau was required by its policy and the law to pay $10,000 in PIP benefits before disbursing any MedPay benefits. Stull argued that Farm Bureau's failure to do so converted the MedPay benefit disbursements, at least for statute of limitations purposes, into PIP benefit payments; thus extending her statute of limitations to February 7, 2008. In support of this argument, Stull noted that permitting insurers to arbitrarily begin disbursing MedPay benefits before exhausting PIP benefits would give insurers the unilateral ability to determine when the statute of limitations would begin to run.

The trial court granted summary judgment finding that, while payment of PIP benefits extends the statute of limitations, disbursement of MedPay benefits does not. Furthermore, the court found that, even if Farm Bureau's disbursement of MedPay benefits amounted to payment of PIP benefits, the January 24, 2006, MedPay disbursement brought the total amount paid to more than $10,000. Thus, Stull's statute of limitations began to run, at the latest, on January 24, 2006, which still made her complaint untimely. Stull appealed from this judgment.

## STANDARD OF REVIEW

■ The issue raised by Stull is one of law, not fact; therefore, we review it *de novo*. *Carroll v. Meredith*, 59 S.W.3d 484, 489 (Ky.App.2001).

## ANALYSIS

■ As noted above, pursuant to KRS 304.39–230(6), Stull was required to file her claim within two years of the last PIP benefit payment. She argues that, as set forth in *Lawson v. Helton Sanitation, Inc.*, 34 S.W.3d 52 (Ky.2000), and in Farm Bureau's policy, PIP is primary and MedPay is secondary. Therefore, Farm Bureau was required to pay all $10,000 in PIP benefits before it could disburse any MedPay benefits. Furthermore, Stull argues that until Farm Bureau exhausted PIP benefits all disbursement of MedPay benefits should be deemed PIP benefits, at least for statute of limitations purposes. The Appellees argue that, pursuant to *Lawson*, only the payment of PIP benefits can extend the statute of limitations, and the disbursement of MedPay benefits, whether PIP is exhausted or not, cannot do so.

We agree that only the payment of PIP benefits can extend the statute of limitations. Furthermore, we agree that all PIP benefits must be paid before an insurer can disburse MedPay benefits. However,

---

1. We note that the Act refers to basic reparation benefits (BRB) and added reparation benefits (ARB). Cline, McClanahan, and Winkle refer to the non-MedPay benefits as BRB and/or ARB while Stull and Steffen refer to them as PIP. For purposes of this appeal, the terms are interchangeable. Since the two main parties refer to the benefits as PIP, we do so as well.

we disagree that Farm Bureau's failure to exhaust PIP benefits converted *all* subsequent disbursements of MedPay benefits into PIP benefits. Farm Bureau's failure to exhaust PIP benefits did "convert" a portion of MedPay benefits into PIP benefits. However, it only converted the portion of MedPay benefits necessary to reach $10,000.

Thus, because Farm Bureau had paid $9,986.31 in PIP benefits as of January 23, 2006, it had to pay an additional $13.69 before those benefits were exhausted. On January 24, 2006, Farm Bureau paid $223.00, all of which it designated as Med-Pay benefits. Regardless of Farm Bureau's designation, $13.69 of the January 24, 2006, payment is deemed to be PIP, with the remaining $209.31 deemed to be MedPay.

In this case, Farm Bureau's internal designation of benefit category is essentially irrelevant. Based on the policy language, the first $10,000 paid as medical expenses and wages amounted to PIP benefits. Any payments made thereafter amounted to MedPay. This holding is not only consistent with *Lawson*, but it also should allay any fears that insurers will be able to "game the system" by arbitrarily designating payments as PIP or MedPay. Every dollar that could be designated as either PIP or MedPay will be deemed to be PIP until such time as PIP is exhausted. Every dollar thereafter will be deemed to be MedPay. Therefore, Farm Bureau exhausted PIP when it made the $223.00 payment on January 24, 2006, and Stull's statute of limitations began to run on that date.

## CONCLUSION

For the foregoing reasons, we affirm.

ALL CONCUR.