PBI BANK, INC., f/k/a Ascensia Bank, Appellant

v.

SCHNABEL FOUNDATION COMPANY, Appellee.

No. 2011–CA–001135–MR.

Court of Appeals of Kentucky.

Jan. 25, 2013.

Jennifer Hatcher, Louisville, KY, for appellant.

Patrick Schmidt, Sandra F. Keene, Louisville, KY, for appellee.

Before CLAYTON, COMBS and THOMPSON Judges.

*OPINION*

THOMPSON, Judge:

PBI Bank, F/K/A Ascensia Bank, appeals from a summary judgment to the Jefferson Circuit Court in favor of Schnabel Foundation Company. The issue presented is whether the circuit court properly applied the doctrine of equitable tolling.

Schnabel provided foundation materials and work valued at $111,000 to develop Harrods Creek Overlook Condominiums. August 27, 2007, was the last day Schnabel worked on the project.

On February 22, 2008, Schnabel attempted to file by mail a timely lien statement (first lien statement) with the Jefferson County Court Clerk. The statement was signed by Paul Jolis, attorney and agent for Schnabel, was notarized, and contained a "prepared by statement" that listed Paul Jolis, his address and his telephone number. However, Jolis did not separately sign the "prepared by statement" section. The county clerk rejected the first lien statement and returned it with a handwritten note stating "date last materials were furnished and prepared by signature needed." [1]

Harrods was owned by Premier Land Company, which obtained financing from PBI Bank through a mortgage on Harrods. When Premier defaulted, PBI Bank filed a foreclosure action on May 20, 2008, naming Schnabel as a defendant.

On May 29, 2008, Schnabel recorded a mechanics' lien statement (second lien statement). This second lien statement stated the last date of work and included a signed "prepared by statement."

---

1. PBI Bank does not allege that the lien statement was required to include a completion date and, therefore, there is no issue that the lien statement was improperly rejected on that basis.

Schnabel filed a counterclaim against PBI Bank, asserting its rights under the lien against PBI Bank as surety for the bond posted by Premier for release of the mechanics' lien. PBI Bank and Schnabel each moved for summary judgment on the enforceability of the lien.

PBI Bank claimed that the first lien statement was properly rejected because the preparer did not sign the "prepared by statement" as required prior to recording an instrument under KRS 382.335. It alleged that the second lien was untimely because it was filed more than six months after Schnabel last worked on the project.

Schnabel asserted that equitable tolling should allow the second lien statement to relate back to the attempted filing of the first lien statement that complied with the requirements of KRS 376.080 and was improperly returned. It pointed out that the first lien statement was signed by Jolis as the preparer.

The circuit court granted summary judgment in favor of Schnabel, concluding that the first lien statement was improperly rejected and, therefore, the time period was equitably tolled.

Because there were no genuine issues of material fact, this matter could be appropriately resolved by summary judgment. CR 56.03; *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky.App.1996). We review the circuit court's interpretation of the relevant law *de novo. Pinkston v. Audubon Area Community Services, Inc.*, 210 S.W.3d 188, 189 (Ky.App.2006).

The statutes relevant to our discussion are KRS 376.010, KRS 376.080, and KRS 382.335. KRS 376.010 grants a mechanics' lien to any person furnishing labor or materials for construction projects. KRS 376.080 provides for the perfection of the lien and requires that it be perfected within six months after the date the work

ceased. There is no dispute that the first lien statement complied with its requirements and was timely.

■ The issue is whether Jolis's signature on the first lien statement and the "prepared by statement" listing Jolis, his name and address, but not separately signed by him, was sufficient to comply with KRS 382.335(1). That statute provides in part:

No county clerk shall receive or permit the recording of any instrument by which the title to real estate or personal property, or any interest therein or lien thereon, is conveyed, granted, encumbered, assigned or otherwise disposed of . . . unless the instrument has endorsed on it, a printed, typewritten, or stamped statement showing the name and address of the individual who prepared the instrument, and the statement is signed by the individual. The person who prepared the instrument may execute his signature by affixing a facsimile of his signature on the instrument.

■ We recognize that this Commonwealth requires strict adherence to the statutory requirements for perfecting a lien. *Laferty v. Wickes Lumber Co.*, 708 S.W.2d 107, 108 (Ky.App.1986). We do not deviate from that general rule. However, KRS 382.335(1) does not require that the preparer of the statement sign the instrument in a specific form or location. It only requires that the person who prepared the instrument execute his signature by "affixing a facsimile of his signature on the instrument." KRS 382.335(1).

■ Jolis signed the instrument in his capacity as "agent and attorney" for Schnabel. His notarized signature appeared as did his address. We agree with the circuit court that the county clerk erroneously rejected the first lien statement. However, our inquiry does not end. Un-

less equity compels a different result, the untimely filed second lien statement cannot relate back to the timely, but improperly rejected, unfiled first lien statement. The question remains whether the doctrine of equitable tolling applies.

In *Nanny v. Smith*, 260 S.W.3d 815 (Ky.2008), our Supreme Court examined whether equitable tolling should apply when a complaint was timely filed, but the summons was issued outside the statute of limitations because the clerk did not promptly act. It concluded that equitable tolling should apply "[b]ecause Nanny had neither the power nor the duty to ensure that the clerk perform official duties, she was prevented by circumstances beyond her control from having the summons issued in time." *Id.* at 817. Likewise, Schnabel presented a timely first lien statement to the county clerk that was improperly rejected. It could not force the county clerk to perform official duties and file the instrument. We hold that under the unique facts presented, the circuit court properly applied the doctrine of equitable tolling.

Based on the forgoing, the order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.