RENDERED: JULY 3, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0298-MR

ANTHONY K. DALE                                                             APPELLANT

v.                 APPEAL FROM FAYETTE CIRCUIT COURT
                   HONORABLE JULIE M. GOODMAN, JUDGE
                   ACTION NO. 20-CI-00323

JENNIFER D. TIPTON                                                           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND LAMBERT, JUDGES.

LAMBERT, JUDGE: Anthony K. Dale has appealed from the summary judgment of the Fayette Circuit Court dismissing his personal injury claim against Jennifer D. Tipton as untimely filed pursuant to Kentucky Revised Statutes (KRS) 304.39-230(6) of Kentucky's Motor Vehicle Reparations Act (MVRA). At issue is the effect of Dale's automobile insurance carrier's failure to indicate on its log that a replacement basic reparation benefits (PIP) payment had been made. Finding no error in the entry of summary judgment, we affirm.

Dale and Tipton were involved in an automobile accident in Lexington, Kentucky on July 30, 2017, for which Tipton was allegedly at fault. Dale's carrier, Kentucky Farm Bureau Mutual Insurance Company (KFB), made PIP payments to him and on his behalf under his policy. Dale filed a complaint and request for a jury trial in the Fayette Circuit Court on January 24, 2020, seeking physical, mental, emotional, and economic damages as a result of Tipton's alleged negligence, stating that the last PIP payment was made on February 28, 2018. In her answer, Tipton disputed Dale's claims and, along with several other defenses, specifically raised the statute of limitations as an affirmative defense.

In April 2021, Tipton filed a motion for summary judgment seeking dismissal of Dale's complaint for failing to file it within the applicable two-year statute of limitations set forth in KRS 304.39-230(6). She argued that the statute of limitations began to run on October 18, 2017, the date the last PIP payment was made, and that the complaint should have been filed on or before October 18, 2019. Dale did not file his complaint until January 24, 2020.

Tipton included an affidavit from Veronica Capito, a claims representative with KFB. Ms. Capito was responsible for the PIP payments made for Dale arising from the accident. She stated that his PIP benefits were exhausted on October 18, 2017, with a payment of $378.01 to Kentucky Rehab Associates PLLC (Kentucky Rehab). Ms. Capito also stated that a check dated September 5,

2017, was reissued on February 28, 2018, as the original check had been lost, stolen, or not delivered.

Ms. Capito included the original PIP log and a second, updated PIP log with her affidavit. These logs included a chart with columns listing the transaction date, the "pay to" information, space to indicate whether the payment was a replacement check, the service date/s, the amount of the payments (medical, wage, funeral loss), and the total amount paid. Both PIP logs included a statement at the end providing: "Per KY law, a replacement check issued on or after June 28, 2017, in the same amount as the original payment does not extend the date for filing an action for tort liability."

The original PIP log – with a date of October 30, 2017, at the bottom right corner – showed a payment of $175.00 to Kentucky Rehab on September 5, 2017, for a service date of August 22, 2017. The updated PIP log – with a date of June 18, 2018, at the bottom right corner – omitted all reference to the September 5, 2017, payment, but showed a payment on February 28, 2018, to the same provider for the same service date and amount as the September 5, 2017, payment date. The updated PIP log does not contain any notation that a replacement check had been issued.

Also included as an exhibit to Tipton's motion was a letter dated October 30, 2017, from Pam Morris of KFB to Shelter Insurance indicating that

$10,000.00 of PIP benefits had been paid, that Tipton was responsible for that amount as damages, and that KFB would seek to collect that amount through a PIP subrogation claim. Attached to the letter was a copy of the original PIP log.

Dale objected to Tipton's motion. He stated that on June 12, 2018, his counsel sent a letter to KFB stating that she had been retained to represent Dale in all claims arising from the motor vehicle accident and requesting copies of KFB's current itemized payment list, all medical records and bills in the file, and Dale's recorded statement. In response, KFB sent counsel a letter dated June 18, 2018, stating that Dale's PIP benefits had been exhausted and enclosing a copy of the updated PIP log. The updated PIP log, as set forth above, showed that the last transaction date was February 28, 2018. There was nothing on the updated PIP log showing that there had been a previous payment or that the last transaction date was for a replacement check.[1] Accordingly, Dale argued that the complaint was timely filed and that Dale should not be disadvantaged by the erroneous communication.

In her reply, Tipton argued that the burden was on Dale to verify the existence of any replacement checks. She also suggested that Dale may have a claim against KFB for the miscommunication, but not against her.

---

[1] Dale attached the June 18, 2018, letter his counsel received from KFB along with the updated PIP log as exhibits to his response.

Following a hearing in May, the court entered an order in June 2021 denying the motion as premature, holding that there was insufficient evidence in the record to show that the payment at issue was a replacement check. The court permitted Tipton to supplement the record and refile the motion if the evidence supported it.

After taking the deposition of Wendy Bray, KFB's records custodian, Tipton filed a renewed motion for summary judgment in December 2023. Ms. Bray testified that KFB sent a letter to Dale on October 18, 2017, informing him that his PIP benefits had been exhausted on that date. That letter was attached as an exhibit and establishes that Shellie Cooper, a claim representative from KFB's PIP Unit, sent the letter to Dale. The letter indicated that it included a copy of the PIP log, although the log was not included with the exhibit to the motion. Tipton also included a copy of a letter of the same date from KFB to Kentucky Rehab,[2] stating that Dale's PIP benefits had been exhausted and that the last payment had been made that day.

In her deposition, Ms. Bray testified that in February 2018 – after KFB sent the October 2017 letter to Dale that his PIP benefits had been exhausted – KFB received a call from Kentucky Rehab to inform KFB that a payment had not

---

[2] The letter was addressed to Kentucky Orthopaedic Assoc., but we presume that this is Kentucky Rehab based upon the PIP log.

been received. After verifying that the check issued on September 5, 2017, had not been cashed, KFB placed a stop payment on the check and reissued the payment on February 28, 2018. That reissued payment was reflected on the updated PIP log, which again showed that Dale's PIP benefits had been exhausted.

Based upon Ms. Bray's testimony and the evidence, Tipton argued that Dale could not dispute that the February 28, 2018, payment was a replacement check or that it could not extend the start of the limitations period. And she asserted that neither equitable tolling nor estoppel applied in this case, as Dale had been represented by counsel since June 2018, well before the statute of limitations expired.

Dale again objected to Tipton's motion, stating that the information about PIP payments was exclusively within KFB's knowledge. And in reply, Tipton argued that whether the February 28, 2018, payment was a replacement check was not an issue of material fact because the statute of limitations was not triggered by notice to Dale or his counsel.

The court heard arguments on the renewed motion, during which Tipton argued in support of her motion that neither Dale nor his attorney ever asked KFB when the last check for reimbursement was sent or if the February 2018 check was a replacement check. The court questioned Dale's counsel about her review of the bills she had received from KFB, indicating that such review by

counsel would have established that the payment at issue was for a prior service and constituted a replacement check. Counsel replied that she relied upon the PIP log, which she said all attorneys rely upon, and that she had not reviewed the medical records and bills to determine whether a replacement check had been issued. The court did not believe that any information was hidden or that there was any fraud or misrepresentation on the part of KFB that would allow the court to conclude that estoppel would prevent the statute of limitations from running. The court then found that summary judgment was appropriate because counsel received all of the medical records and bills and could have used those in conjunction with the PIP log to determine that the February 2018 check was a replacement payment.

The court entered a written summary judgment memorializing its oral ruling and dismissed Dale's complaint as untimely filed. In reaching this conclusion, the court stated:

> 1. The last [PIP] payment was made on October 18, 2017. A replacement check was issued on February 28, 2018. By statute, KRS 304.39-230(6), a replacement check does not extend the limitation [period], which is two (2) years after the date the last [PIP] payment was made. Hence the limitation [period] expired on October 18, 2019. This action was filed on January 20, 2020, outside the applicable two (2) year limitation [period].
>
> 2. Equitable tolling and/or equitable estoppel are not applicable based on the facts. Plaintiff was provided notice by the No Fault carrier on October 16, 2017 that PIP benefits were exhausted, and Plaintiff's counsel obtained medical records and medical bills well before

the limitation [period] expired. Examination of those documents would have shown the nature of the check as being a replacement check.

This appeal now follows.

On appeal, Dale argues that the circuit court's summary judgment constitutes error as his complaint was timely filed pursuant to KRS 304.39-230 or should be deemed timely on equitable grounds. Tipton disputes Dale's arguments and asserts that the circuit court properly dismissed Dale's complaint as a matter of law.

Kentucky Rules of Civil Procedure (CR) 56 sets forth the standards governing summary judgment practice: "A party against whom a claim . . . is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." CR 56.02. And a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03.

> Summary judgment is to be cautiously applied and should not be used as a substitute for trial. Granting a motion for summary judgment is an extraordinary remedy and should only be used to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant. The trial court must review the evidence, not to

resolve any issue of fact, but to discover whether a real fact issue exists. This review requires the facts be viewed in the light most favorable to the party opposing summary judgment. . . . Appellate review of a summary judgment involves only legal questions and a determination of whether a disputed material issue of fact exists. So we operate under a de novo standard of review with no need to defer to the trial court's decision.

*Shelton v. Kentucky Easter Seals Soc., Inc.*, 413 S.W.3d 901, 905 (Ky. 2013) (internal quotation marks and footnotes omitted).

For his first argument, Dale argues that his complaint was timely filed pursuant to the applicable statute of limitations. When a statute of limitations begins to run is a question of law, which we review *de novo*. *Stull v. Steffen*, 374 S.W.3d 355, 357 (Ky. App. 2012).

The applicable statute of limitations is set forth in KRS 304.39-230(6),[3] which provides:

An action for tort liability not abolished by KRS 304.39-060 may be commenced not later than two (2) years after the injury, or the death, or the date of issuance of the last basic or added reparation payment made by any reparation obligor, whichever later occurs. For the purposes of determining the date of issuance of the last basic or added reparation payment made by a reparation obligor, a replacement payment does not extend the date beyond the date of the original payment. For the

---

[3] The legislature amended the original version of the statute in 2017; the original version did not mention replacement payments and provided, in full, that "[a]n action for tort liability not abolished by KRS 304.39-060 may be commenced not later than two (2) years after the injury, or the death, or the last basic or added reparation payment made by any reparation obligor, whichever later occurs."

purposes of this section, "replacement payment" means a payment in the same amount as the original payment, but which is issued as a replacement for the original payment for reasons including but not limited to the original payment being lost, stolen, or not delivered. A reparation obligor shall provide to a claimant or the claimant's attorney upon written request information on whether any payment is a replacement payment.

Dale contends that he filed his complaint within two years of February 28, 2018, the date of the last PIP payment as reflected on the PIP log his counsel received from KFB dated June 18, 2018, which does not show any replacement payments. But as Tipton argues, the statute does not measure the two-year limitations period from the date the last payment was issued as shown on the PIP log. Nor does the statute require a PIP carrier to indicate on the PIP log that a payment is in fact a replacement payment. The statute does not reference a PIP log or worksheet at all. Rather, as it pertains to this case, the statute unambiguously states that the limitations period begins to run from "the date of issuance of the last" PIP payment and that "a replacement payment does not extend the date beyond the date of the original payment." The facts in this case are undisputed that the last PIP payment was issued on October 18, 2017, that the two-year limitations period began to run on that date, and that the payment issued on February 28, 2018, was in fact a replacement payment for a missing check dated September 5, 2017, which could not – by the unambiguous terms of the statute – extend the start

-10-

of the limitations period. Therefore, the circuit court did not err in holding that Dale filed his complaint outside of the two-year statute of limitations.

For his second and third arguments, Dale argues that the equitable doctrines of tolling and estoppel mandate that the limitations period should be extended, essentially because KFB failed to indicate in the "Replacement Check" column on the updated PIP log that the February 28, 2018, payment was a replacement payment.

> [E]quitable estoppel and equitable tolling are distinguishable. Equitable estoppel precludes a defendant, because of his own wrongdoing, from using the statute of limitations as a defense. Equitable tolling pauses a limitations period and does not require any wrongdoing, but rather applies when a plaintiff, despite all due diligence is unable to obtain vital information bearing on the existence of his claim.

*Williams v. Hawkins*, 594 S.W.3d 189, 193 (Ky. 2020) (internal quotation marks, citations, and ellipsis omitted). We agree with Tipton that Dale is not entitled to equitable relief under either of these doctrines.

We shall first address whether the running of the statute of limitations should be equitably tolled.

> Equitable tolling pauses the running of, or tolls, a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action. To be entitled to equitable tolling, a litigant must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

-11-

> prevented timely filing, with those circumstances being beyond the litigant's control. These are not factors to be considered, but rather are necessary prerequisites for the application of equitable tolling.

*MGG Inv. Group LP v. Bemak N.V., Ltd.*, 671 S.W.3d 76, 88 (Ky. 2023) (internal quotation marks and citations omitted). "[E]quitable tolling is appropriate in circumstances that are beyond the party's control when the party has exercised due diligence and is clearly prejudiced[.]" *Nanny v. Smith*, 260 S.W.3d 815, 818 (Ky. 2008) (citation omitted).

Dale cites to *Beaumont v. Zeru*, 460 S.W.3d 904 (Ky. 2015), to emphasize what he describes in his brief as the "central importance of the PIP payment log." In *Beaumont*, the Supreme Court of Kentucky addressed what constitutes "payment" under the MVRA, instructing that "payment for PIP purposes occurs, in the normal course, when the reparation obligor issues a check." *Id*. at 906. The Court then tied the PIP log to the payment, stating that "[i]t provides the certainty that both parties say they seek and it provides a straight forward mechanism to use to determine when the statute of limitations begins to run[.]" *Id*. at 907.[4] But as Tipton argues, the PIP log does not represent the

---

[4] The Court's conclusion that "[t]he date of the last payment is the date the last check is sent, whether that check is the initial check or a replacement check[,]" *id*. at 908, was abrogated by the legislature in KRS 304.39-230(6) when it specifically amended the statute to address replacement payments and stated that "a replacement payment does not extend the date beyond the date of the original payment."

"definitive source" to determine when the limitations period begins.  Rather KRS 304.39-230(6) is the definitive source, and it ties the beginning of the limitations period to date of the last payment.  The PIP log can of course be a source of this information.

In the present case, Dale cannot establish that extraordinary circumstances prevented the timely filing of his complaint.  KFB gave Dale actual notice that the last PIP payment had been made in October 2017, despite the fact that he disputed receipt of that letter; he retained counsel in June 2018, well before the limitations period ended; and his counsel obtained the medical records and bills that, if they had been reviewed for this issue, would have revealed that the February 2018 payment had been a duplicate one, despite the lack of indication on the updated PIP log.  Therefore, we hold that Dale failed to establish that he was entitled to equitable tolling to extend the limitations period in this case.

Finally, Dale argues that equitable estoppel paused the running of the statute of limitations.  "Under Kentucky law, equitable estoppel requires both a material misrepresentation by one party and reliance by the other party[.]"  *Williams*, 594 S.W.3d at 196.

> The essential elements of equitable estoppel are:  (1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or

-13-

at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts. And, broadly speaking, as related to the party claiming the estoppel, the essential elements are (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice.

*Id*. (citing *Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 62 (Ky. 2010)).

In the present case, there is no allegation or evidence that Tipton knew of the alleged misrepresentation on the updated PIP log or was aware of and concealed from Dale that the February 2018 payment was in fact a replacement check. Dale and his counsel certainly had the means to determine that the last PIP payment occurred in October 2017 based upon the notice letter as well as a review of the medical records and bills. Dale's assertion is that KFB, not Tipton, misrepresented the information on the updated PIP log, which in turn created the situation where Dale filed his complaint outside of the limitations period. We hold that Dale is not entitled to equitable relief on this issue.

We recognize that the result in this case is harsh, but we also recognize that Dale had the means to determine when the limitations period began to run, despite his own PIP carrier's omission on the PIP log.

For the foregoing reasons, the summary judgment of the Fayette Circuit Court is affirmed.

ACREE, JUDGE, CONCURS.

CALDWELL, JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANT:

Elizabeth R. Seif
Lexington, Kentucky

BRIEF FOR APPELLEE:

Don A. Pisacano
Elizabeth C. Woodford
Lexington, Kentucky